## No. 354
## NATIONAL FIRE INS. CO. v. BOYOJIAN

Ohio Appeals, 8th Dist., Cuyahoga Copnty

No. 4973. Decided April 18, 1924

647. INSURANCE—Verdict held not manifestly against weight of evidence—Where agent of company is acquainted with all the facts, company cannot complain of fraud—Insured under theft insurance policy held entitled to recover only value of automobile at time of theft.

VICKERY, P. J.

### Epitomized Opinion

This was an action to recover on a theft insurance policy for the loss of an automobile. When the plaintiff bought the car it was practically a new one, and the insurance agent knew all about it, and he wrote the policy and put in the valuation on the car with full knowledge of its condition. The plaintiff had driven the car about 10,000 miles at the time of the theft. The Insurance Company claimed that the plaintiff had no right to recover because of false statements made by him in regard to the value of the car, and as to the model and the motor number. The jury returned a verdict for plaintiff for the entire insured value of the machine. In sustaining the verdict of the lower court, the Court of Appeals held:

1. The verdict was not manifestly against the weight of the evidence.

2. As the agent of the Insurance Co. had full knowledge of all the facts and circumstances in regard to the car, the plaintiff was not guilty of fraud in making false statements with regard to the same.

3. As the plaintiff had driven the car for over 10,000 miles he was not entitled to recover the original value of the same, but only to recover the market value of the car at the time of the theft. Therefore, plaintiff must accept a remittur down to the sum of $1,200, otherwise the verdict is excessive.

Attorneys—Squire, Sanders & Dempsey, for National Fire Insurance Co.; Stephen M. Young, for Boyajian; all of Cleveland.

## No. 355
## HAUSCHILD v. BOARD OF ED. (LAKEWOOD) et al

No. 4922. Decided April 25, 1924

1065. SCHOOLS—Board held to have no power to establish lunch rooms and cafeterias in public schools—No public interests held to exist under facts of case—Court of equity will not restrain acts of school board where public interests are not involved and where a great benefit results to the school children.

MIDDLETON P. J.

### Epitomized Opinion

This was an action by Hauschild to restrain the Board of Education of Lakewood from operating a restaurant or cafeteria in the Lakewood High School. The evidence disclosed that plaintiff was a taxpayer of Lakewood and that the High School had in operation a lunch room or cafeteria, for use and benefit of its students. This cafeteria was operated under the supervision of representatives of the Board of Education and meals provided for the students at almost cost. The plaintiff, a restaurant keeper, claimed the operation of this careteria was unlawful. In refusing to grant the relief prayed for the Court of Appeals held:

1. There is no authority of law for a Board of Education to operate either directly or indirectly the business of buying food supplies, having them prepared to be served and served to pupils in the public schools of this state. While the Board may provide a place to eat, and may also provide utensils for use of pupils in Domestic Science, its authority goes no further, and it cannot use such equipment for conducting a private business.

2. As no public interests are invested or impaired, the operation of the restaurant is an activity of the defendant Board, and the public has no interests sin the fund arising fro mits operation.

3. As the operation of this restaurant is of great public benefit and no public interests has been impaired thereby, the court of equity will not restrain the operation of said careterial or restaurant or lunch room, under the circumstances and facts as disclosed in this case.

Attorneys—O. D. Eshelman, for Hauschild; A. E. Brueckner, for Board; both of Cleveland.